UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEVIN SCOTT DUNLAP, ) | CASE NO. 5:21-CV-00136 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, ) | ORDER ADOPTING REPORT |
| ACTING COMMISSIONER OF ) | AND RECOMMENDATION |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg. (ECF #20). Plaintiff, Kevin Scott Dunlap ("Mr. Dunlap") challenges the final decision of the Commissioner of Social Security denying his applications for Period of Disability ("POD"), Disability Insurance Benefits ("DIB'), and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381, *et seq*. Pursuant to Local Rule 72.2(b), the case was referred to Magistrate Judge Greenberg for a Report and Recommendation.

On January 28, 2022, Magistrate Judge Greenberg issued a Report and Recommendation finding that the Commissioner's decision denying POD, DIB, and SSI was based on substantial evidence and recommended that the Commissioner's decision be AFFIRMED. (ECF #20). On October 2018, Mr. Dunlap filed applications for POD, DIB, and SSI, alleging a disability onset date of October 31, 2017. Mr. Dunlap claimed he was disabled due to anxiety, depression, severe

knee pain, diabetes, sleep apnea, asthma, and high blood pressure. The applications were denied initially and upon reconsideration. Mr. Dunlap then requested a hearing before an administrative law judge ("AJL"). A hearing was held on March 13, 2020, and on March 31, 2020, the ALJ issued a decision finding that Mr. Dunlap was not disabled. This decision became final on November 17, 2020. Mr. Dunlap filed a complaint challenging the Commissioner's decision on January 18, 2021. (ECF #1). Mr. Dunlap asserted that: (1) the appointment of the Commissioner, Andrew Saul, violated the separation of powers and (2) the ALJ failed to properly evaluate the evidence documenting Mr. Dunlap's impairments and failed to make a proper determination at step three of the disability evaluation process.

As to Mr. Dunlap's first assignment of error, the parties agreed that Commissioner Andrew Saul's appointment violated the separation of powers because the President was unable to remove him without cause. Dunlap argued that because of this he was entitled to a new hearing and decision. However, in *Collins v. Yellen*, the Supreme Court held that "the unlawfulness of [a] removal provision does not strip the [Commissioner] of the power to undertake the other responsibilities of his office." 141. S. Ct. 1761, 1788, n.23 (2020). As a result, Magistrate Judge Greenberg concluded that the ALJ who decided Mr. Dunlap's case could not issue a per se unconstitutional decision just because the authority to issue that decision had been delegated to him by Commissioner Saul. *Collins* also established that an unconstitutional removal restriction could inflict compensable harm such as when the President would remove a commissioner due to his actions if the removal restriction did not prevent the President from doing so. 141 S. Ct. at 1789. Magistrate Judge Greenberg found that Mr. Dunlap failed to show that he suffered the type of compensable harm described in *Collins* because he could not point to regulations promulgated by Commissioner Saul that the ALJ used to decide

his case, nor could he point to any statements made by the President disapproving of actions taken by Commissioner Saul that would have impacted Mr. Dunlap's disability application.

As to Mr. Dunlap's second assignment of error, Magistrate Judge Greenberg found that the ALJ adequately performed an analysis at step three of the disability evaluation process and that the ALJ sufficiently identified the evidence he relied upon. At step three of the process, a claimant will be found disabled if his impairment(s) meets or equals one listed in the Listing of Impairments. 20 C.F.R. § 404.1520(a)(4)(iii). The burden of proof is on the claimant to establish that his condition(s) meets or equals a listing. *Thacker v. Soc. Sec. Admin.*, 93 Fed. App'x 725, 727-28 (6th Cir. 2004) (citing *Buress v. Sec'y of Health & Human Servs.*, 835 F.2d 139, 140 (6th Cir. 1987)).

First, Mr. Dunlap argued that the ALJ erred because he considered Mr. Dunlap's knee and shoulder impairments under Listing 1.02 for major dysfunction of a joint as opposed to Listing 1.03 for reconstructive surgery of a major weight-bearing joint with inability to ambulate effectively. The ALJ found that Mr. Dunlap can ambulate effectively, and Mr. Dunlap did not challenge that finding. Second, Mr. Dunlap argued that the ALJ erred when considering whether his mental impairment satisfied a listing. The ALJ considered Listing 12.04 for depressive, bipolar, and related disorders, and Listing 12.06 for anxiety and obsessive-compulsive disorders. The ALJ found that Mr. Dunlap did not satisfy the requisite criteria and cited activities that Mr. Dunlap could perform in support of this finding. Third, Mr. Dunlap asserted that the ALJ should have more adequately analyzed the correlation between obesity and diabetes. However, Mr. Dunlap did not describe what symptoms the ALJ should have further evaluated. Fourth, Mr. Dunlap argued that the ALJ failed to address the fact that he had to wear knee braces following surgeries. Mr. Dunlap did not provide an explanation as to how this impacted his ability to do

3

sedentary work and the ALJ found that Mr. Dunlap's statements did not support a conclusion that he had limitations sitting. The ALJ also considered opinion evidence offered by Dr. Pinghero but found it unpersuasive. Lastly, Mr. Dunlap argued that the ALJ erred in his consideration of Dr. Benson-Blankenship's assessment by not citing all her findings in his assessment. Magistrate Judge Greenberg correctly concluded that an ALJ is not required to recite every aspect of evidence submitted by a party. *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x 496, 508 (6th Cir. 2006). In consideration of the above, Magistrate Judge Greenberg recommended that the decision of the ALJ denying Mr. Dunlap POD, DIB, and SSI be affirmed. (ECF #20).

On February 11, 2022, Mr. Dunlap timely filed objections to the report and recommendation. (ECF #21). On March 4, 2022, the Commissioner filed a Response brief stating that the ALJ's decision was supported by substantial evidence in the record and that the Magistrate Judge had correctly applied the law. (ECF #23).

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. Fed. R. Civ. P. 72(b)(3) provides this standard of review. It states that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that is properly objected to. The district judge may accept, reject, or modify the recommended disposition . . ." Accordingly, this Court will review the Report and Recommendation, to which timely objections have been filed, de novo.

Mr. Dunlap raised two objections: (1) that he did not have to show that he had suffered compensable harm as a result of the decisions made while Saul was Commissioner and (2) that

4

the report and recommendation failed to find that the ALJ erred in his analysis of Dr. Pinghero's opinion. (ECF #21). As to Mr. Dunlap's first objection, Magistrate Judge Greenberg correctly applied and interpreted *Collins v. Yellen*. 141 S. Ct. 1761 (2021). In *Collins*, the Supreme Court stated that even when there is an unconstitutional statutory removal restriction, a plaintiff is not entitled to relief unless he shows that the "unconstitutional provision . . . inflict[ed] compensable harm." *Id.* at 1788-89. The Supreme Court also held that the "unlawfulness of [a] removal provision does not strip [an official] of the power to undertake other responsibilities of his office." *Id.* at 1788, n.23. As to Mr. Dunlap's second objection, Magistrate Judge Greenberg found that the ALJ gave adequate explanation for finding Dr. Pinghero's opinion unpersuasive, specifically that the opinion was not from an accepted medical source and was not consistent with the objective medical records. Magistrate Judge Greenberg has not made any erroneous factual findings, nor has he failed to correctly apply the law.

The Court has reviewed de novo the Report and Recommendation, Mr. Dunlap's objections, and the Commissioner's Response. Magistrate Judge Greenberg has correctly addressed all objections raised by Mr. Dunlap. Mr. Dunlap's objections are OVERRULED. The Report and Recommendation of Magistrate Judge Greenberg is ADOPTED. The decision of the Commissioner denying Mr. Dunlap's applications for Period of Disability, Disability Insurance Benefits, and Supplemental Security Income is AFFIRMED.

IT IS SO ORDERED.

_____
Donald C. Nugent
United States District Judge

DATED: April 6, 2022